## STATE, DEPARTMENT OF PUBLIC SAFETY, v. CARLYLE MURRAY KAASA.

196 N. W. 2d 311.

March 31, 1972—No. 43486.

*Warren Spannaus,* Attorney General, and *William A. Caldwell,* Special Assistant Attorney General, for petitioner.

*Patrick W. Hawkins,* for respondent.

PER CURIAM.

Writ of prohibition upon the relation of the State of Minnesota, Department of Public Safety, to restrain the Honorable Irving W. Beaudoin, judge of the county court for Dakota County, from granting defendant, Carlyle M. Kaasa, a jury trial at the initial driver's license revocation hearing under the implied-consent law, Minn. St. 169.123, subd. 6.

Minn. St. 169.123, subds. 6 and 7, provides that a defendant in a revocation proceeding under the implied-consent law is entitled to a jury trial upon appeal to the district court but not at the municipal or probate court level. But the County Court Act, which abolished municipal courts and established probate courts as county courts in all but Hennepin, Ramsey, and St. Louis Counties, provides that any appeals to the district court from the county court "shall be confined to the typewritten record." L. 1971, c. 951, § 39, subd. 2. Defendant, arguing that he has a right to a jury trial at some point in the license-revocation proceedings and interpreting the County Court Act as denying him that right at the district court level, moved for an order granting him a jury trial at the initial hearing in county court. Judge Beaudoin accepted this argument and granted the motion.

We reach a contrary conclusion. The County Court Act does not amend or repeal, either expressly or impliedly, any of the provisions of Minn. St. 169.123. No one contends that the County Court Act expressly amended or repealed any of the provisions of § 169.123, so the only issue is whether the act did so by implication.

We have generally held that a later statute repeals an earlier statute by implication only if the later statute fully covers the subject of the prior one and is manifestly inconsistent with it. Wichelman v. Messner, 250 Minn. 88, 118, 83 N. W. 2d 800, 823 (1957). The County Court Act establishes the probate courts as combined probate and municipal courts in all but Hennepin, Ramsey, and St. Louis Counties, which retain their municipal courts. The effect of the act was to abolish municipal courts and to enlarge the subject-matter jurisdiction of probate courts, calling them county courts. The act does not mention jurisdic-

tion over license-revocation proceedings under the implied-consent law. In short, it does not cover the subject.

If the county courts have jurisdiction over these proceedings, as we think they do, they derive it from the implied-consent statute, not from the County Court Act, and the procedures specified in the implied-consent statute should govern in the absence of any contrary expression of legislative intent in a later statute. We think that in enacting the County Court Act the legislature would have specifically referred to the subject of implied-consent proceedings if it had wished to change the procedures for license revocation under the implied-consent law.

Our interpretation will, in addition to furthering the intent of the legislature as expressed in the implied-consent statute, serve the interests of uniformity in license-revocation proceedings under the implied-consent law throughout the state, something a contrary decision would not do. Both in the county courts and in the remaining municipal courts (Hennepin, Ramsey, and St. Louis Counties), the defendant will be entitled to a jury trial but only on appeal to the district court, not at the municipal or county court level.

Writ made absolute.