## JEROME DALY v. STATE, DEPARTMENT OF HIGHWAYS, AND ANOTHER.

207 N. W. 2d 541.

May 18, 1973—No. 43779.

*Jerome Daly,* pro se, for appellant.

*Warren Spannaus,* Attorney General, and *Frederick S. Suhler, Jr.,* Special Assistant Attorney General, for respondents.

PER CURIAM.

This appeal challenges an order of the commissioner of public safety revoking a driver's license pursuant to the provisions of the implied-consent law, Minn. St. 169.123. Both the municipal and district courts have affirmed the revocation order. We do also.

Appellant raises a number of issues concerning the constitutionality of the implied-consent law. We reject all of these contentions. (a) The statute, providing as it does for judicial review, meets due process objections. See, Bell v. Burson, 402 U. S. 535, 91 S. Ct. 1586, 29 L. ed. 2d 90 (1971). (b) The statute does not violate the search and seizure provision of the Fourth Amendment or the self-incrimination provision of the Fifth Amendment. See, Schmerber v. California, 384 U. S. 757, 86 S. Ct. 1826, 16 L. ed. 2d 908 (1966). (c) Nor does the statute violate the prohibition in U. S. Const. art. 1, § 10, against bills of attainder. A bill of attainder is a legislative act which inflicts punishment upon a designated person, or easily ascertainable members of a group, for an alleged crime without a judicial trial. United States v. Lovett, 328 U. S. 303, 66 S. Ct. 1073, 90 L. ed. 1252 (1946). The revocation of a license under Minn. St. 169.123 is not punishment for a crime. See, Anderson v. Commissioner of Highways, 267 Minn. 308, 126 N. W. 2d 778 (1964). Further, the licensee is provided with the right to judicial review. See, Minn. St. 169.123, subds. 6 and 7. (d) Appellant does not have standing to argue that permitting additional tests denies indigents equal protection of the laws, because there is nothing in the record suggesting that appellant was indigent or financially unable to obtain additional tests. See, Lott v. Davidson, 261 Minn. 130, 109 N. W. 2d 336 (1961).

Appellant did not, as he claims, have a common-law right guaranteed by the law of Minnesota and the Ninth and Fourteenth Amendments to be taken before the nearest magistrate immediately after his arrest. See, State v. Madison, 281 Minn. 170, 160 N. W. 2d 680 (1968), certiorari denied, 393 U. S. 1102, 89 S. Ct. 904, 21 L. ed. 2d 796 (1969); State v. Carmichael, 275 Minn. 148, 145 N. W. 2d 554 (1966).

Appellant also contends that the peace officer's instructions concerning his right to additional tests were inadequate. We need not reach this issue since appellant, a former attorney, has admitted that he knew through his legal experience that he had a right to have additional tests.

Appellant's final argument, that he should have been permitted to be represented in court by Mr. Gordon C. Peterson, has no merit. Mr. Peterson is not licensed to practice law in this state.

Affirmed.