IN RE ESTATE OF REBECCA D. McCARTHY.
JOHN P. McCARTHY v. MARY PERCICH.

211 N. W. 2d 170.

September 21, 1973—No. 44324.

*Robert A. Nicklaus* and *Dwight J. Leatham,* for appellant.
*Tilsen, Heffernan & Wells* and *Kenneth E. Tilsen,* for respondent.

PER CURIAM.

John P. McCarthy, who is a legatee under the will of the late Rebecca Dorothy McCarthy, with leave of this court pursuant to Rule 105, Rules of Civil Appellate Procedure, has appealed from an order of the District Court of Sibley County [1] affirming an order of the probate division of the county court allowing an amended final accounting by the administrator d.b.n. c.t.a. The main issue raised on appeal to the district court and here is whether the district court should have granted McCarthy's request for a de novo trial in district court, pursuant to Minn. St. 525.72, with respect to his contention that his attorney did not receive an adequate award for services rendered in securing the removal of an executor guilty of wrongdoing and in securing the setting aside of a sale by this executor and thereby bringing an additional $8,286.23 into the estate. Also in issue is the district court's holding that the administrator had a right to retain and offset against McCarthy's share an amount equal to his debt to the testator plus interest thereon to the date of the amended final account. We affirm.

Section 525.72, providing for de novo trials on appeal to the district court in probate matters, no longer has general application. Minn. St. 487.39 of the recently enacted County Court Act provides that except where the county court judge is not learned in the law, an appeal from the county court to the district court shall be "confined to the typewritten record." In the county in question, Sibley County, the provision of § 487.39 limiting appeals to district court to the written record was in effect at the time of the probate court hearing and at the time the order approving the amended account was issued. [2] Accordingly, McCarthy had no right to a de novo trial on appeal to district court from the order approving the amended account. Had the reviewing district court judges been persuaded by appellant's argument that he should be allowed to submit additional evidence concerning the amount of attorneys' fees, a proper disposition would have been to remand to the county court for a retrial of the issue raised.

---

[1] The district court appeal was heard by a three-judge panel. See, State v. Beckman, 296 Minn. 443, 209 N. W. 2d 402 (1973).

[2] The provisions of the County Court Act became effective in Sibley County on January 1, 1972. The hearing in this case was on March 31, 1972.

We also affirm the district court's implicit holding that the administrator had a right to retain and offset against McCarthy's share of the estate an amount equal to his debt to the testator plus interest thereon to the date of the amended final account. Minn. St. 525.481 adopts in paragraph 4 the common-law doctrine of retainer. Barrett v. Macdonald, 264 Minn. 560, 568, 121 N. W. 2d 165, 171 (1963). The majority of jurisdictions following the common-law doctrine of retainer has held that the right of retainer carries with it the right to retain interest computed up to the time of settlement. Annotation, 1 A. L. R. 991, 1011, supplemented, 30 A. L. R. 780, 75 A. L. R. 881, 110 A. L. R. 1386, 164 A. L. R. 735. We believe that because the legatee had the use of the loaned funds during probate proceedings this is the correct rule. See, Lewis v. Lewis, 211 Minn. 587, 597, 2 N. W. 2d 134, 139 (1942).

Affirmed.