# STATE, DEPARTMENT OF PUBLIC SAFETY, v. LLOYD EMMERT HANSON AND OTHERS.

221 N. W. 2d 120.

July 19, 1974—Nos. 44763, 44764.

*Warren Spannaus,* Attorney General, and *Thomas G. Lockhart* and *Joel A. Watne,* Special Assistant Attorneys General, for relator.

*Earle F. Tighe,* for respondent Hanson.

*Barnard, Hilleren & Spates* and *Richard H. Hilleren,* for respondent Folkens.

*John R. Koch* and *James J. Quigley,* for respondent McPhee.

PER CURIAM.

These matters originated in the County Courts of Yellow Medicine and Stearns Counties in proceedings to test the proposed revocation of the drivers' licenses of the three respondents by the commissioner of public safety under Minn. St. 169.123, the implied-consent law. In each proceeding the county court sustained the commissioner. The respondents each appealed to the appropriate district court where the matter was placed on the jury calendar for trial.

In each case the state moved the district court prior to the hearing for an order striking the matter from the jury calendar and setting the matter for review on the typewritten record pursuant to Minn. St. 1971, § 487.39, as amended by L. 1973, c. 679, § 36. The district court in each instance denied the motion to strike. The State sought prohibition and obtained from this court orders staying all matters in these proceedings until further order of this court.

The implied-consent law was first enacted in 1961. It vests in the commissioner of public safety the power to revoke a driver's license in given circumstances. A hearing is provided for in Minn. St. 169.123, subd. 6, "before a municipal judge, or probate judge * * * learned in the law, * * *." The act also provides that if the revocation of his license is upheld a driver may obtain a trial de novo with a right of trial by jury in the district court.

Minn. St. c. 487, the County Court Act, was passed in 1971. This act established county courts as combined probate and municipal courts in all counties except certain metropolitan counties. A review of the decisions of the county courts was provided for in the original act as follows (Minn. St. 1971, § 487.39, subd. 1):

"An aggrieved party may appeal to a district court judge from a determination of a county court. * * * The appeal shall be heard and determined by a district court judge."

Subd. 2 provides that the appeal "shall be confined to the typewritten record."

In 1972 this court rendered its decision in State, Department of Public Safety, v. Kaasa, 293 Minn. 416, 196 N. W. 2d 311. In Kaasa the licensed driver sought a jury trial at the initial revocation hearing on the grounds the County Court Act limited the review to the typewritten record whereas the implied-consent law gave him a jury trial at the review level. This court held that the County Court Act did not amend or repeal, either expressedly or impliedly, any of the provisions of Minn. St. 169.123 and denied the jury trial at the initial proceeding.

Since Kaasa, § 487.39, subd. 1, of the County Court Act was amended and now provides in part (L. 1973, c. 679, § 36):

"An aggrieved party may appeal to a district court judge from a determination of a county court. The provisions of this section govern all appeals from the county court; appeal provisions of all other statutes are inapplicable except as stated in subdivision 3."

Section 487.39, subd. 2, the provision confining the review to the typewritten record, was not amended nor was subd. 3, which pertains to those courts where nonlawyers preside.

The use of the term "all appeals" appears rather inclusive. However, this court said in Kaasa (293 Minn. 418, 196 N. W. 2d 312):

"* * * We think that in enacting the County Court Act the legislature would have specifically referred to the subject of implied-consent proceedings if it had wished to change the procedures for license revocation under the implied-consent law."

Again, the issue is whether the implied-consent law was amended, in this case by L. 1973, c. 679, § 36. Respondents approached the problem of interpretation, as did the court in Kaasa, as one of jurisdiction. The county court derived jurisdiction over the proceedings from the implied-consent law. The legislature in amending the appeals provision of the County Court Act did not specifically refer to the implied-consent law. It did not follow the procedure this court outlined in 1972 in Kaasa of "specifically [referring] to the subject of implied-consent proceedings." 293 Minn. 418, 196 N. W. 2d 312. Hence, we must interpret the legislature's failure to specifically amend the implied-consent law as intentional, leaving the driver whose license has been revoked the right, as provided in that act, to be heard de novo with a right of trial by jury in the district court.[1]

Writs discharged.

---

[1] In addition, as in Kaasa, our interpretation preserves the uniformity of procedure in all the counties in these matters. In certain metropolitan counties, a trial de novo to a jury is still available.