# STATE, DEPARTMENT OF PUBLIC SAFETY, v. ROBERT EUGENE OGG.

246 N. W. 2d 560.

October 8, 1976—No. 45930.

*Warren Spannaus,* Attorney General, and *Craig R. Anderson,* Special Assistant Attorney General, for appellant.

*Willenbring, Lickteig & Dahl* and *Kirby A. Dahl,* for respondent.

KELLY, JUSTICE.

This is an appeal by the department of public safety from an order of the county court dismissing driver's-license-revocation proceedings brought under Minn. St. 169.123. The sole issue we

consider is whether this court should exercise jurisdiction over the appeal. We hold that it should not and dismiss the appeal.

Considerable confusion has arisen regarding review procedure in license-revocation proceedings under the Minnesota implied-consent law, Minn. St. 169.123. This confusion stems from the fact that the special review procedures, which are found in Minn. St. 169.123, subds. 6 and 7,[1] (1) make no mention of the commissioner of public safety's right to appeal; (2) make no mention of any right to appeal to this court; and (3) conflict with

---

[1] Minn. St. 169.123, subds. 6 and 7, provide: "Subd. 6. The hearing shall be before a municipal or county judge, learned in the law, in the county where the alleged offense occurred, unless there is agreement that the hearing may be held in some other county. The hearing shall be recorded and proceed as in a criminal matter, without the right of trial by jury, and its scope shall cover the issues of whether the peace officer had reasonable and probable grounds to believe the person was driving or operating a motor vehicle while under the influence of an alcoholic beverage; whether the person was lawfully placed under arrest, if applicable; whether he refused to permit the test, and if he refused whether he had reasonable grounds for refusing to permit the test; and whether at the time of request for the test the peace officer informed the said person that his right to drive might be revoked or denied if he refused to permit the test and of his right to have additional tests made by a person of his own choosing. The municipal court shall order either that the revocation or denial be rescinded or sustained and refer such order to the commissioner of public safety for his further action.

"Subd. 7. If the revocation or denial is sustained, the person whose license or permit to drive, or nonresident operating privilege has been revoked or denied, may within 20 days after notice of the determination by the commissioner of public safety file a petition for a hearing of the matter in the district court in the county where the hearing pursuant to subdivision 6 was held unless there is agreement that the hearing may be held in some other county. The petition shall be filed with the clerk of the said court together with proof of service of a copy thereof on the commissioner of public safety. It shall be the duty of the court to set the matter for hearing on a day certain with reasonable notice thereof to the parties. The matter shall be heard de novo with a right of trial by jury."

appellate procedures in the County Court Act, Minn. St. c. 487.[2] In an effort to guarantee both parties to these proceedings full, fair, and expeditious review of the issues involved, we will endeavor to clarify and streamline these procedures.

Before the passage of the County Court Act, the commissioner[3] was given a right to appeal directly to this court from an adverse decision of the *municipal* court.[4] State, Dept. of Highways, v. Normandin, 284 Minn. 24, 169 N. W. 2d 222 (1969). In Normandin, this court relied on Minn. St. 488A.01, subd. 11,[5] and Minn. St. 1971, 605.01,[6] and Rule 103.03, Rules of Civil Ap-

[2] Minn. St. 487.39, subd. 2, provides: "Subd. 2. The appeal shall be confined to the typewritten record. By stipulation of all parties, the record may be shortened. The district court judge shall, upon request, hear oral argument and receive written briefs. The district court judge may affirm, reverse or modify the judgment or order appealed from, or take any other action as the interests of justice may require. On appeal from an order, the district court judge may review any order affecting the order from which the appeal is taken and an appeal from a judgment may review any order involving the merits or affecting the judgment. The supreme court shall formulate rules of appellate procedure applicable to a district court judge hearing appeals from a county court. Until otherwise provided, the rules of appellate procedure applicable to appeals to the supreme court shall apply to a district court judge hearing appeals from a county court, except as provided in this section. An appeal may be taken from the determination of a district court judge to the supreme court with leave of the supreme court."

[3] For the sake of clarity, the party adverse to the driver in impliedconsent cases discussed herein will be referred to as the commissioner.

[4] In contrast, appeals by drivers from county court to district court in implied-consent cases are heard de novo in the district court with right of jury trial. Minn. St. 169.123, subd. 7.

[5] Minn. St. 488A.01, subd. 11, provides: "All causes civil and criminal shall be removed from the municipal court to the supreme court of the state of Minnesota in the same manner, upon like proceedings and with like effect as from district courts."

[6] Minn. St. 1971, 605.01 provided: "A judgment or order of the district court in a civil action may be reviewed by the supreme court by appeal of a party as provided in this chapter." Minn. St. 605.01 was repealed by L. 1974, c. 394, and superseded by the Rules of Civil Appellate Procedure.

pellate Procedure[7] to give the commissioner a right of appeal where none was specifically provided in § 169.123. Since several legislative sessions have intervened and the legislature has made no effort to amend § 169.123 to limit the commissioner's right of appeal, we assume that it has acquiesced in our decision that the commissioner, as well as the driver, has at least some right of appeal in implied-consent cases.

With the passage of the County Court Act (L. 1971, c. 951), county courts assumed original jurisdiction in implied-consent cases in those counties having such courts, and municipal courts retained that jurisdiction in other counties. Minn. St. 1971, 487.39, subd. 1, of that act provides in part: "An aggrieved party may appeal *to a district court judge* from a determination of a county court." (Italics supplied.) Subd. 2 of that section provides: "The appeal shall be confined to the typewritten record." In State, Dept. of Public Safety, v. Kaasa, 293 Minn. 416, 196 N. W. 2d 311 (1972), this court held that the County Court Act did not amend or repeal by implication any of the provisions of Minn. St. 169.123, and that the accused driver retained his right to county-court review without jury trial pursuant to § 169.123, subd. 6, and his further right of jury trial de novo on all issues in district court pursuant to § 169.123, subd. 7. In Kaasa, we stated:

*"If the county courts have jurisdiction over these proceedings, as we think they do, they derive it from the implied-consent statute, not from the County Court Act, and the procedures specified*

---

[7] Rule 103.03, Rules of Civil Appellate Procedure, provides in part: "An appeal may be taken to the Supreme Court:

\* \* \* \* \*

"(d)   From an order involving the merits of the action or some part thereof;

\* \* \* \* \*

"(h)   Except as otherwise provided by statute, from the final order or judgment affecting a substantial right made in a special proceeding, provided that the appeal must be taken within the time limited for appeal from an order."

*in the implied-consent statute should govern in the absence of any contrary expression of legislative intent in a later statute.* We think that in enacting the County Court Act the legislature would have specifically referred to the subject of implied-consent proceedings if it had wished to change the procedures for license revocation under the implied-consent law.

"Our interpretation will, in addition to furthering the intent of the legislature as expressed in the implied-consent statute, serve the interests of uniformity in license-revocation proceedings under the implied-consent law throughout the state, something a contrary decision would not do. Both in the county courts and in the remaining municipal courts (Hennepin, Ramsey, and St. Louis Counties), the defendant will be entitled to a jury trial but only on appeal to the district court, not at the municipal or county court level." (Italics supplied.) 293 Minn. 418, 196 N. W. 2d 312.

Following this court's decision in Kaasa, the legislature amended § 487.39, subd. 1, of the County Court Act to read (L. 1973, c. 679, § 36) :

"An aggrieved party may appeal to a district court judge from a determination of a county court. The provisions of this section govern all appeals from the county court; appeal provisions of all other statutes are inapplicable except as stated in subdivision 3."

In State, Dept. of Public Safety, v. Hanson, 300 Minn. 429, 221 N. W. 2d 120 (1974), the commissioner asked this court to confine appeals to the district court in implied-consent cases to the typewritten record in accordance with Minn. St. 487.39, subd. 2, of the County Court Act. This court declined to do so, holding, as in Kaasa, that the legislature had not changed the implied-consent statutes:

"* * * The legislature in amending the appeals provision of the County Court Act did not specifically refer to the implied-consent law. It did not follow the procedure this court outlined

in 1972 in Kaasa of 'specifically [referring] to the subject of implied-consent proceedings.' 293 Minn. 418, 196 N. W. 2d 312. Hence, we must interpret the legislature's failure to specifically amend the implied-consent law as intentional, leaving the driver whose license has been revoked the right, as provided in that act, to be heard de novo with a right of trial by jury in the district court." 300 Minn. 431, 221 N. W. 2d 122.

The court also reiterated the importance of preserving uniformity in county and municipal court procedures in implied-consent appeals. 300 Minn. 431, note 1, 221 N. W. 2d 122.

In the instant case the commissioner attempts to appeal to this court directly from a dismissal of his revocation action in county court. The driver, of course, retains his right to appeal from county court to district court and obtain a trial de novo by jury under § 169.123, subd. 7, and our decision in Hanson. This situation is fraught with possibilities of wasteful use of scarce judicial resources and unjustified delay in finally disposing of an appeal. For example, since the instant case arises on the county court's order of dismissal at the conclusion of the commissioner's case, reversal by this court would allow the driver to return to county court and present a defense. If he won on that defense, the commissioner could again appeal to this court or perhaps to the district court for a trial de novo. If the driver loses, he could appeal to the district court for a trial de novo. From the district court, either party could again appeal to this court. The result is an unnecessary duplication of effort through an extra hearing in county court, an appeal to district court, and two (or perhaps three) appeals to this court—in effect, an extremely time-consuming appellate process probably involving the same or similar issues at every stage.

Confronted with this situation, we endeavor to establish a procedure which will ensure maximum efficiency as well as vindication of important rights secured by our implied-consent statutes. Henceforth, the review procedure in implied-consent cases will be as follows: First, a driver who is notified his license is to be

revoked for unreasonable refusal to submit to chemical testing will have a right to obtain a hearing before a county or municipal court, whichever is appropriate.[8] That court will proceed with a trial of the issues without a jury as set forth in § 169.123, subd. 6.[9] Second, *either party* may appeal the adverse decision of the county or municipal court to district court as provided in § 169.123, subd. 7. Trial in the district court shall be de novo with right of jury trial if asserted by either party. Third, appeal from the district court to this court shall be available to either party only with leave of this court. There will be no direct appeal to this court from municipal or county courts in implied-consent cases.

While this procedure may not be the optimum solution,[10] it serves to preserve intact the implied-consent statute and at the same time provide what we believe is a more efficient review procedure. As authority for our decision, we rely on our considered construction of the implied-consent statute and the other statutes discussed herein, as well as the inherent power of this court to superintend the lower court system,[11] control its appel-

---

[8] Such a hearing will be before a county court unless the matter arises in Hennepin or Ramsey County in which case it will be before a municipal court. Minn. St. cc. 487, 488A.

[9] See, State, Dept. of Public Safety, v. Kaasa, 293 Minn. 416, 196 N. W. 2d 311 (1972).

[10] The optimum solution, in our view, would be to amend the implied-consent statute to provide for a complete trial of all issues with right of trial by jury in the county or municipal court, with appeal to the district court on the typewritten record, and further appeal to this court only with leave of this court. This is substantially the procedure for ordinary cases under the County Court Act. We decline to adopt such a solution, however, for to do so would require invocation of our inherent power in the face of the implied-consent statutes. We believe that the solution we do adopt is satisfactory, and we leave any further changes in the implied-consent statutes to the legislature.

[11] See, In re Clerk of Lyon County Courts, 308 Minn. 172, 241 N. W. 2d 781 (1976).

late jurisdiction,[12] and to ensure the efficient administration of justice throughout the judicial system.[13] The legislature, of course, remains free to redraft the implied-consent statute to achieve an optimum solution to the problems discussed herein.

We note that counsel for the commissioner wisely chose to prosecute simultaneous appeals in the instant case in this court and the district court. We therefore dismiss this appeal as unauthorized under the procedure set forth herein, and allow the merits to be decided in the district court on trial de novo.

Appeal dismissed.

---

[12] In re Appeal of O'Rourke, 300 Minn. 158, 174, 220 N. W. 2d 811, 821 (1974). In O'Rourke, we stated: "The Minnesota Constitution does not by express word or by necessary implication impose on this court the duty to hear an appeal in all cases. It is clear that this court has not * * * held otherwise. Its expressions relating to the right of appeal have been made in a context expressing this court's constitutional appellate power. These cases, to be sure, contain expressions of legislative power to regulate appeals—regulations acceptable on comity principles as designed to aid the court in the exercise of its appellate functions, regulations generally embraced in this court's present rules of procedure. They plainly do not hold, in any event, that the legislature may by regulation deny to this court its constitutionally independent appellate authority to review whatever this court deems mandated in the interests of justice. Our review may be undertaken by certiorari * * * or it may be by discretionary use of the ordinary appeals procedures, as in McCormack v. Hankscraft Co. Inc. 278 Minn. 322, 154 N. W. 2d 488 (1967). There is, in sum, no precedent for holding that this court must grant an appeal of right to every aggrieved litigant and that it is constitutionally without discretion in the exercise of its constitutionally-created appellate authority to decline an appeal. We hold that the County Court Act, under which an appeal may be taken to this court from the district court only by leave of this court, granted only in the exercise of this court's discretion, does not offend any provisions of the Minnesota Constitution."

[13] Cf. Minn. Const. art. 1, § 8.