## STATE EX REL. BRIAN ALLEN EAGLE v. DONALD J. OMODT.

250 N. W. 2d 596.

January 21, 1977—No. 46535.

*William R. Kennedy,* Hennepin County Public Defender, and *Wright S. Walling* and *Gerard Snell,* Assistant Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, *Vernon E. Bergstrom, David W. Larson,* and *Phebe Haugen,* Assistant County Attorneys, and *Lee Barry,* Law Clerk, for respondent, County Sheriff.

Heard before Rogosheske, Peterson, and Scott, JJ., and considered and decided by the court en banc.

Scott, Justice.

This is an appeal from a denial of a juvenile's petition for a writ of habeas corpus. We affirm.

On January 31, 1975, a delinquency petition was filed in the Hennepin County District Court, Juvenile Division, alleging that

Brian Allen Eagle had committed the offense of aggravated robbery. The matter was transferred to the Mille Lacs County Juvenile Court. By order of that court, the state's motion for reference of the juvenile for prosecution as an adult was granted. Minn. St. 260.125. Upon appeal to the Mille Lacs County District Court, the order for reference was affirmed on the record alone.

The Hennepin County Attorney issued a formal complaint on November 5, 1975, charging the juvenile with aggravated robbery in violation of Minn. St. 609.245 and Minn. St. 1974, § 609.11. The juvenile moved the Hennepin County District Court to dismiss the complaint upon the basis that he had been denied a trial de novo in the district court as required by Minn. St. 260.291, subd. 2(b). The motion to dismiss was denied. The juvenile then petitioned the Hennepin County District Court for a writ of habeas corpus. The instant appeal is from the denial of that petition.

The sole issue presented is whether Minn. St. 487.39, providing for an appeal from the county court to the district court on the record alone, supersedes Minn. St. 260.291, subd. 2(b), and governs all appeals from juvenile county courts[1] to the district courts.

Minn. St. 487.39 provides as follows:

"Subdivision 1. An aggrieved party may appeal to a district court judge from a determination of a county court. The provisions of this section govern all appeals from the county court; appeal provisions of all other statutes are inapplicable except as stated in subdivision 3.

\* \* \* \* \*

"Subd. 2. The appeal shall be confined to the typewritten record. \* \* \*

---

[1] Exceptions to the designation of the county court as the juvenile court are contained in Minn. St. 260.021. In those enumerated counties in which the district court is the juvenile court, all appeals therefrom are governed by Minn. St. 260.291. In re Welfare of I. Q. S., 309 Minn. 78, 82, 244 N. W. 2d 30, 35 (1976).

"Subd. 3. Notwithstanding the provisions of subdivisions 1 and 2, an appeal from a determination of the county court in a case in which the presiding judge or judicial officer was not learned in the law shall be to the district court under the provisions of law now governing appeals from probate court and the case shall be heard de novo."

The comparable section of the Juvenile Court Act, Minn. St. 260.291, subd. 2(b), sets forth the procedure to be employed upon appeal as follows:

"The appeal from a probate-juvenile court is taken to the district court which shall try the case de novo. An appeal in the district court de novo action may be taken to the supreme court in the same manner as an appeal is taken from a district court juvenile court."

As it is clear that the county court judge was "learned in the law" within the meaning of Minn. St. 487.39, subd. 3, the sole consideration is whether the two facially conflicting statutes are capable of compatible existence.

We had occasion to consider a similar problem in In re Estate of McCarthy, 297 Minn. 518, 211 N. W. 2d 170 (1973), when faced with an apparent inconsistency between the appeal provision of the County Court Act, Minn. St. 487.39, and the preexisting statutory procedure providing for a trial de novo in the district court upon appeal from a probate county court pursuant to Minn. St. 1974, § 525.72. We concluded that § 487.39 superseded § 525.72, thereby limiting appeals to the district court in those instances to the written record.

Although a contrary conclusion was reached in State, Department of Public Safety, v. Hanson, 300 Minn. 429, 221 N. W. 2d 120 (1974), the principles upon which we relied are determinative of the issue involved herein. In Hanson, the state challenged the trial by jury de novo procedure being employed by district courts upon appeal from orders of the county court sustaining drivers' license revocations under Minn. St. 169.123. It argued

that the matter must be reviewed on the typewritten record alone in accordance with Minn. St. 487.39. We concluded that the failure of the County Court Act to specifically refer to the implied-consent law was indicative of a legislative intent that the county court derive its jurisdiction over license-revocation proceedings exclusively from the implied-consent law. Minn. St. 169.123. The appeal procedure in these matters was thus held to be governed exclusively by that act.

Applying the McCarthy and Hanson rationale to the instant matter, we conclude that if the county court derives its specific jurisdiction from the County Court Act, as in McCarthy, the provisions of Minn. St. 487.39 govern appeals; when the jurisdiction of the county court is derived from an independent statute neither mentioned by nor incorporated into the County Court Act, as in Hanson, the procedures contained within that separate statute must control all appeals. Since the County Court Act expressly grants to the county courts exclusive jurisdiction in all juvenile matters, Minn. St. 487.14(b), the procedure which limits appeals to the district court to review on a typewritten record, rather than by a trial de novo, was properly employed.

Pursuant to Minn. St. 480.055, subd. 1, 484.33, and 484.52 and Rule 83, Rules of Civil Procedure, a number of judicial districts have formulated appellate rules which would allow consideration of appeals from county courts by three-judge panels.[2] Our knowledge of this appellate procedure indicates that it provides an obvious advantage in drawing upon the capabilities and judicial experience of three members of the district court. We therefore urge each of the judicial districts to study the feasibility of instituting this procedure.

Affirmed.

---

[2] See, e.g., Third Judicial District Rule 3; Fifth Judicial District Rule 15(4); Sixth Judicial District Rule 29(3); and Ninth Judicial District Rule 14.02.