**STATE of Minnesota, Respondent,**

v.

**Michael C. SELLERS, Appellant.**

**No. C2–84–221.**

Court of Appeals of Minnesota.

June 26, 1984.

C. Paul Jones, Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, James Clifford, Chisago County Atty., Center City, for respondent.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Defendant was convicted of aggravated driving with an alcohol concentration of .10 or more in violation of Minn.Stat. § 169.-121, Subd. 1(d) (1982). The trial court admitted evidence obtained by a Wisconsin police officer who stopped defendant in Minnesota after following him from Osceola, Wisconsin, and observing traffic offenses in both states. We affirm.

## FACTS

Officer Wyman of the Osceola, Wisconsin, police department observed defendant-appellant's car approach an intersection in Osceola at a high rate of speed and squealing its tires. The officer pursued defendant as he crossed the bridge into Minnesota, observed him cross the center line twice with the car "fishtailing" when pulling back to its lane and clocked speeds in excess of 70 m.p.h. Finally, when defendant drove thru a stop sign onto Highway No. 95 at 35 m.p.h., the officer activated his red lights and stopped defendant.

After observing defendant stagger when he walked and smelling his odor of alcohol, the officer radioed the Chisago County Sheriff's office and informed the deputy

that defendant had been driving while intoxicated.

Officer Wyman asked defendant to take a preliminary breath test and submit to field sobriety tests, all of which defendant failed. The results of these tests were admitted in evidence.

## ISSUES

1. May a Wisconsin police officer who first observed a traffic violation in Wisconsin, then followed defendant to Minnesota observing additional offenses in Minnesota, make a valid citizen's arrest in Minnesota?

2. Are the field sobriety tests administered by the Wisconsin officer, together with all evidence derived from the Minnesota stop, admissible in evidence?

## ANALYSIS

Defendant contends that squealing tires is a petty misdemeanor in Minnesota and this state does not permit a citizen's arrest for a petty misdemeanor.

The power of private persons to arrest is governed by Minn.Stat. § 629.37 (1982) which provides:

A private person may arrest another:
(1) For a public offense committed or attempted in his presence;
(2) When such person has committed a felony, although not in his presence; or
(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

■ A police officer outside his jurisdiction has the arrest powers of a private citizen. *State Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 321 (Minn.1981); *State v. Filipi*, 297 N.W.2d 275 (Minn.1980); *Smith v. Hubbard*, 253 Minn. 215, 224, 91 N.W.2d 756, 764 (1958).

Minn.Stat. § 629.34, subd. 1, governs situations in which a peace officer may arrest a person without a warrant. Its wording is identical to the citizen arrest statute.

■ The term "public offense" in these statutes must be construed to include petty misdemeanors. The statutory definition of "petty misdemeanors" is defined in Minn. Stat. § 609.02, subd. 4a, as an "offense" prohibited by statute.

In *State v. Cantieny*, 34 Minn. 1, 24 N.W. 458 (1885), decided long before the creation of the petty misdemeanor, the Supreme Court held:

The term "offence" here used is defined to be "a breach of the laws established for the protection of the public, as distinguished from an infringement of mere private rights,—a punishable violation of law." Abb.Law Dict. "The doing that which a penal law forbids to be done, or omitting to do what it commands." Bouv.Law Dict. The term "public offénce" means no more. * * * We think the term "public offences," as here employed, has the signification which would ordinarily be put upon such terms, and bears no peculiar meaning. It includes all such violations of municipal ordinances as are punishable by fine *or* imprisonment.

34 Minn. at 9, 24 N.W. at 462 (emphasis added).

■ Although the above discussion addresses appellant's contention that he cannot be stopped in Minnesota for a petty misdemeanor committed in Wisconsin, the facts of this case also show adequate grounds for misdemeanor arrest in Minnesota. Speeding of 70 m.p.h., fishtailing, going through a stop sign at 35 miles per hour and crossing over the center line are all valid reasons for a stop.

■ In *State Department of Public Safety v. Juncewski*, 308 N.W.2d 316 (Minn.1981), the Supreme Court held that based upon his power to conduct a citizen's arrest, an officer outside his jurisdiction could legally administer a preliminary screening test. It follows that he can also administer field sobriety tests.

## DECISION

■ A Wisconsin officer who first observes a traffic offense in Wisconsin, then

follows defendant into Minnesota, observing additional traffic violations, may make a valid stop and citizen's arrest and upon observing signs of intoxication, can administer a preliminary screening test and field sobriety tests. The evidence thus obtained was properly admitted by the trial court. We affirm.