**Urban Henry SCHMIDTBAUER, Petitioner, Appellant,**

**v.**

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C8-86-387.**

Court of Appeals of Minnesota.

Aug. 26, 1986.

Review Denied Oct. 29, 1986.

F. Patrick McGrath, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ.

**OPINION**

CRIPPEN, Judge.

Appellant was arrested for driving while under the influence and refused to take a breath test. He challenges authority of the arresting officer outside his municipality, argues that Minnesota's implied consent law is an unlawful bill of attainder, and claims he was entitled to a jury trial in the court proceedings. The trial court sustained revocation of his license and he appeals from the order. We affirm.

## FACTS

On April 30, 1985, a police officer for the City of Ramsey observed a vehicle turn without signaling, roll through a stop sign, and then proceed at a slow rate of speed. He saw the vehicle turn onto a commercial site just outside the officer's jurisdiction.

The officer was then dispatched to another location, and did not follow the vehicle. A short time later, he returned to the site and saw the vehicle moving without use of headlights. The officer stopped the vehicle.

Appellant left his car and went to the officer's squad car. After observing numerous signs that appellant was under the influence of alcohol, the officer arrested appellant for driving while in that condition. The officer read appellant the implied consent advisory, and appellant refused to make a decision to provide a breath sample.

Appellant's license was revoked for one year for refusing testing. He appeals from the trial court's order sustaining the revocation.

## ISSUES

1. Did the officer properly invoke the implied consent law after making an arrest outside his jurisdiction?

2. Does the implied consent law constitute a bill of attainder?

3. Is a petitioner in an implied consent proceeding constitutionally or statutorily entitled to a trial by jury?

## ANALYSIS

■ 1. Appellant argues that his license revocation should be rescinded because the police officer was outside his jurisdiction when he arrested appellant and invoked the implied consent advisory. A police officer who is outside his jurisdiction may act as a private citizen to arrest another for the commission of a public offense committed or attempted in his presence. Minn.Stat. § 629.37(1) (Supp.1985); *Windschitl v. Commissioner of Public Safety*, 355 N.W.2d 146, 148–49 (Minn.1984). The term "public offense" has been construed to include petty misdemeanors. *State v. Sellers*, 350 N.W.2d 460, 462 (Minn.Ct.App. 1984). An officer who makes a citizen's arrest may properly administer post-DWI arrest procedures. *Bounds v. Commissioner of Public Safety*, 361 N.W.2d 145, 146 (Minn.Ct.App.1985); *see also Windschitl*, 355 N.W.2d at 149; *Sellers*, 350 N.W.2d at 462; *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 321 (Minn.1981). Consequently, the officer acted properly.

■ 2. Appellant claims that the DWI laws constitute a bill of attainder. In *Daly v. State, Department of Highways*, 296 Minn. 238, 239, 207 N.W.2d 541, 543, *cert. denied*, 414 U.S. 909, 94 S.Ct. 228, 38 L.Ed.2d 147 (1973), the supreme court held that the implied consent statute does not violate the prohibition against bills of attainder in the United States Constitution article 1, section 10. The court noted that license revocation under this statute, unlike the sanction in a bill of attainder, is not punishment for a crime and is not accomplished without judicial review. *Daly*, 296 Minn. at 329, 207 N.W.2d at 543. *See also Reserve Mining Co. v. State*, 310 N.W.2d 487, 490–92 (Minn.1981).

The implied consent statute has been amended since *Daly* to provide for a prehearing license revocation. In *Heddan v. Dirkswager*, 336 N.W.2d 54 (Minn.1983), the supreme court upheld the constitutional sufficiency of the amended procedures.

The appellant argues that the supreme court made testing mandatory in *Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512, 517 n. 3 (Minn.), *appeal dismissed*, —— U.S. ——, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985). He also refers to Minn.Stat. § 169.89, subd. 1 (1984), which provides that all acts forbidden by chapter 169 are petty misdemeanors unless declared otherwise. He contends that this statute and *Nyflot* transform Minn.Stat. § 169.123 into a criminal statute and that this constitutes a bill of attainder because punishment is inflicted without a judicial trial. We disagree. The sanction for re-

fusing a test remains a civil penalty of revocation, and use of the sanction remains subject to judicial review. Minn.Stat. § 169.123, subds. 4, 5 (1984).

■ 3. Appellant claims he is entitled to a jury trial in an implied consent proceeding. The right to a jury trial must be found either in the Minnesota Constitution or be specifically provided for by statute. *Ewert v. City of Winthrop*, 278 N.W.2d 545, 550 (Minn.1979). Since 1978, the statute has provided that "the hearing shall be to the court" and does not provide for a hearing before a jury. Minn.Stat. § 169.-123, subd. 6 (1984). *Cf.* Minn.Stat. 169.123, subd. 7 (1976); *State, Department of Public Safety v. Ogg*, 310 Minn. 433, 246 N.W.2d 560 (1976).

The Minnesota Constitution guarantees the right for a jury trial in "all cases at law." This language refers to common law actions. *Breimhorst v. Beckman*, 227 Minn. 409, 433–34, 35 N.W.2d 719, 734 (1949). Thus, by rule the right arises in civil actions to recover money or property. Minn.R.Civ.P. 38.01; *see Pernell v. Southall Realty*, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974) (the Seventh Amendment guarantee under the U.S. Constitution affects actions to recover possession of property or to obtain a money judgment).

Appellant argues that a driving license "today allows one the ability to earn the money to have a home," and that consequently a review of revocation deals with a property right. We disagree. The implied consent law, which was first enacted in 1961, is wholly statutory. 1961 Minn. Laws ch. 454 §§ 1–8. Judicial review of revocation is not a common law action and it is not an action to recover a property right.

## DECISION

The trial court properly sustained the revocation of appellant's driving privileges.

Affirmed.