**STATE of Minnesota, Appellant,**

v.

**Kirk Paul DAHLHEIMER, Respondent.**

**No. CX–87–1034.**

Court of Appeals of Minnesota.

Oct. 6, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael J. Scott, Anoka City Prosecutor, Jensen, Hicken, Gedde & Soucie, P.A., Anoka, for appellant.

Wilbur F. Dorn, Jr., Dorn Law Firm, Ltd., Anoka, for respondent.

Considered and decided by NORTON, P.J., MULALLY and LOMMEN, JJ.,* with oral argument waived.

## OPINION

MULALLY, Judge.

Respondent Kirk Dahlheimer was charged with three gross misdemeanors: driving while under the influence of alcohol within five years of a prior conviction; driving while under the influence within ten years of two prior convictions; and driving after revocation, in violation of Minn.Stat. § 169.121, subd. 1(a) and subd. 3(a) and (b) (1986) and Minn.Stat. § 169.129 (1986). At the omnibus hearing, the court found the stop and subsequent arrest of respondent were invalid and the products of the arrest were not admissible. On ap-

---

* Acting as judge of the Court of Appeals by ap-   pointment pursuant to Minn. Const. art. 6, § 2.

peal, the state claims the stop and arrest were proper. We agree and reverse.

## FACTS

On March 22, 1987, at approximately 10:30 p.m., Anoka Police Officer Mark McDonough entered onto Highway 10 from the Ferry Street ramp and was driving east approximately 20 to 25 feet behind respondent's blue pick-up truck. While within the City of Anoka, the officer said the truck crossed over the white fog line on the highway four different times and observed the truck make a false turning movement toward an exit ramp. The officer followed the truck in the City of Anoka for approximately seven blocks, to the Seventh Avenue overpass, and then continued following the truck to Round Lake Boulevard in the City of Coon Rapids, a distance of an additional mile and a half. The officer observed respondent did not signal when exiting onto the Round Lake Boulevard exit and rolled through a stop sign when turning left to go north on Round Lake Boulevard. Shortly thereafter, the officer turned on his red lights and pulled respondent's truck over in the City of Coon Rapids.

After stopping respondent's truck, the officer approached the truck and asked respondent for his driver's license. Respondent handed the officer a Minnesota Department of Public Safety application receipt identifying himself. The officer saw respondent had bloodshot and watery eyes and smelled a strong odor of alcohol. Respondent was asked to step out of the truck. The officer noticed respondent was unsteady on his feet and staggered as he walked back to the area between the rear of the truck and the front of the squad car. The officer then requested respondent perform field sobriety tests, which he was unable to do correctly. Officer McDonough concluded respondent was under the influence of alcohol and arrested him.

At the omnibus hearing Officer McDonough was questioned concerning why he did not pull respondent over while in the City of Anoka after observing him cross over the fog line on four occasions and make a false exit off the highway. He indicated that he intended to watch respondent's driving behavior until he found a location where he could make a safe stop and would not stop respondent near the Seventh Avenue overpass for safety reasons. Officer McDonough testified he believed he had probable cause to stop respondent after observing his truck cross the white fog line on four separate occasions while within the city limits of Anoka.

The trial court ruled from the bench that the officer's stop and subsequent arrest of respondent were invalid reasoning, in light of the officer's failure to stop the truck closer to the four fog line crossovers, he had not formed sufficient probable cause in his own mind to stop respondent's truck while it was within his jurisdiction. The court also held that Minn.Stat. § 169.121, subd. 1a (1986) imposes a slightly higher standard before an officer may effectuate a stop when outside his jurisdiction and that standard had not been met in this case. The court ruled that in light of the invalid stop and arrest, none of the products of the arrest would be admissible. The state appeals pursuant to Minn.R. Crim.P. 28.04.

## ISSUE

Did the trial court err in finding the stop and subsequent arrest of respondent outside the officer's jurisdiction was invalid?

## ANALYSIS

■ The state contends that under the circumstances the Anoka police officer's stop and subsequent arrest of respondent outside the officer's jurisdiction were proper. We agree. In *Shull v. Commissioner of Public Safety*, 398 N.W.2d 11 (Minn.Ct. App.1986) this court was faced with a similar fact situation in an implied consent appeal. In *Shull* a Wabasha county deputy sheriff observed a slow moving vehicle weaving back and forth over the center line. The deputy sheriff followed the vehicle across the county line into Olmsted County for a considerable distance and then stopped it. This court found the deputy sheriff had a sufficient basis to stop the

vehicle while within Wabasha County and the subsequent arrest outside the deputy sheriff's jurisdiction was valid and lawful under Minn.Stat. § 629.40, subd. 2 or as a citizens arrest pursuant to Minn.Stat. § 629.37(1). *Id.* at 15; *see also Windschitl v. Commissioner of Public Safety,* 355 N.W.2d 146 (Minn.1984); *Schmidtbauer v. Commissioner of Public Safety,* 392 N.W.2d 668 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Oct. 29, 1986). The court noted that the officer's subjective decision not to stop the driver immediately, but to instead follow him for some distance, although unusual, is of no legal significance. *Shull,* 398 N.W.2d at 14.

■ The officer in this case testified that while within Anoka he observed respondent's truck cross the fog line on the highway four different times and make a false turning movement toward an exit. Although the officer failed to pull over respondent's truck immediately, he testified that he believed he had sufficient probable cause to make an investigatory stop after observing respondent's driving behavior within Anoka, but instead chose to follow respondent, watch his driving and wait for a safe opportunity to make the stop. As noted in *Shull,* the fact the officer did not immediately stop the driver, but instead chose to follow him for some distance, is of no legal significance. *Id.* at 14. While probable cause is the standard required for an arrest, only an articulable suspicion is required for a stop. We find that the officer clearly had an articulable suspicion that respondent may have been driving while under the influence of alcohol, based on respondent's driving behavior in Anoka, and the officer had a sufficient basis for making an investigatory stop and was free to pursue and stop the vehicle, even after it escaped or left the officer's jurisdiction. *Id.*

Minn.Stat. § 169.121 is a remedial statute which should be liberally construed in favor of "the public interest and against the private interests of drivers involved." *State, Department of Public Safety v. Juncewski,* 308 N.W.2d 316, 319 (Minn. 1981). Minn.Stat. § 169.121, subd. 1a [1] should not, in effect, be construed as requiring an officer to make an immediate stop of a motor vehicle before its departure from an officer's jurisdiction. An officer must be afforded some discretion concerning the best location for the stop of a motor vehicle.

Whether or not the Anoka officer's pursuit of respondent's truck is characterized as "hot" and "fresh" or "cool," he had sufficient facts from his observations in Anoka to follow and stop respondent. After observing indications of respondent's intoxication, the officer made a lawful arrest pursuant to Minn.Stat. § 629.40, subd. 2. Even if the officer was not in fresh pursuit, his observations permitted him to make a valid citizen's arrest pursuant to Minn.Stat. § 629.37(1). *Shull,* 398 N.W.2d at 15. The fact the officer did not believe he was making a citizen's arrest has no relevance to whether the arrest is valid as such.

## DECISION

The officer's stop and arrest of respondent outside the officer's jurisdiction was proper and lawful.

Reversed and remanded.

1. Minn.Stat. § 169.121, subd. 1a (1986) in part provides:

   When a peace officer has probable cause to believe that a person is driving or operating a motor vehicle in violation of subdivision 1, and before a stop or arrest can be made the person escapes from the geographical limits of the officer's jurisdiction, the officer in fresh pursuit of the person may stop or arrest the person in another jurisdiction within this state and may exercise the powers and perform the duties of a peace officer under sections 169.121 and 169.123. An officer acting in fresh pursuit pursuant to this subdivision is serving in the regular line of duty as fully as though within the officer's jurisdiction.