**Edwin L. BOUNDS, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C4–84–799.**

Court of Appeals of Minnesota.

Aug. 21, 1984.

Lance R. Heisler, Staples, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN, and RANDALL, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Bounds appeals from an order of the trial court sustaining revocation of his driver's license. The revocation occurred as a result of Bounds' refusal to submit to testing after his D.W.I. arrest and offer of testing by a peace officer acting outside his jurisdiction in the absence of fresh pursuit. We reverse.

## FACTS

On the evening of February 23, 1984, Deputy Swenson of the Wadena County Sheriff's office was sitting in his marked squad car in the City of Staples, Todd County, waiting to meet with two Staples police officers. He observed Bounds driving in an erratic and careless manner and pursued and ultimately stopped him. Swenson noted that Bounds, upon alighting from his vehicle, was unsteady, had bloodshot and watery eyes, and smelled of alcohol. Two Staples police officers arrived and conferred with Swenson. It was decided that Swenson should continue with the D.W.I. investigation. He conducted field sobriety tests, conferred again with the Todd County officers, placed Bounds under arrest and read the Implied Consent Advisory to him. Bounds was provided an opportunity to talk with his attorney and then refused testing. Revocation of his license resulted. At the hearing, the trial court sustained revocation of the license, noting in its memorandum that there was no fresh pursuit, nor was there a court order or other directive authorizing the Wadena County deputy to serve in an official capacity for the City of Staples or Todd County.

## ISSUE

Whether, in the absence of fresh pursuit, a peace officer had authority to administer post-arrest D.W.I. procedures outside his jurisdiction.

## ANALYSIS

A peace officer may administer preliminary D.W.I. tests and may make a D.W.I. arrest outside his jurisdiction in the absence of fresh pursuit. *State, Dept. of Public Safety v. Juncewski*, 308 N.W.2d 316 (Minn.1981). The rationale of *Juncewski* is that an officer acting outside his jurisdiction has the power to make a citizen's arrest. In the present case, Swenson arrested Bounds. That arrest is not challenged on appeal. Swenson also conducted post-arrest procedures under Minnesota Statutes Section 169.123. These procedures are the subject of appeal.

A peace officer's extra-territorial authority in D.W.I. matters is delineated by statute:

When a peace officer has probable cause to believe that a person is driving or operating a motor vehicle in violation of subdivision 1, and before a stop or arrest can be made the person escapes from the geographical limits of the officer's jurisdiction, the officer in fresh pursuit of the person may stop or arrest the person in another jurisdiction within this state and may exercise the powers and perform the duties of a peace officer under sections 169.121 and 169.123.

Minn.Stat. § 169.121(1a) (Supp.1983). We cannot read this statute to encompass situations other than those of fresh pursuit.

Other statutory language is also relevant. Minn.Stat. § 169.123(1) (1982) provides:

For purposes of this section and section 169.121, the term peace officer means a state patrol officer, university of Minnesota peace officer, a constable as defined in section 367.40, subdivision 3, or police officer of any municipality, including towns having powers under section 368.-01, or county.

Respondent urges that the term "peace officer" in this statute is not defined in terms which add the qualifier "but only while within his jurisdiction." However, this definitional section applies to both Section 169.121 and Section 169.123. *Juncewski* involved Section 169.121. When the issue of an arrest by a peace officer not in his jurisdiction and not in fresh pursuit was raised there, the Supreme Court stated:

In *State v. Filipi*, 297 N.W.2d 275 (Minn. 1980), we noted that a police officer outside his jurisdiction has

the arrest powers of a private citizen, such as these may be, in the district where the arrest is made. Thus, if an arrest by a private citizen would be lawful under the existing circumstances, an arrest by an officer away from his own bailiwick would be lawful, otherwise not. This rule has been applied to arrests made by city police officers

outside the confines of their municipalities, and also to peace officers of one state operating in another.

*Juncewski*, 308 N.W.2d at 321 (quoting *Filipi*, 297 N.W.2d at 278).

■ We can discern no rational basis upon which we may define "peace officer" for purposes of Section 169.123 differently from "peace officer" under Section 169.121. Under *Juncewski*, Deputy Swenson would have had the authority of a private citizen. We can define no greater authority for him under the facts of this case. A private citizen would have no authority to conduct the post-D.W.I. arrest procedures here. Neither had Deputy Swenson.

Minnesota Statutes § 629.40(2) reads:

When any sheriff, deputy sheriff, police officer, marshal, constable, or peace officer shall, in obedience to the order of a court, or proper police authority, or in fresh pursuit as provided in subdivision 1, be outside of his jurisdiction he is serving in his regular line of duty as fully as though he was within his jurisdiction.

■ The presence of the Staples police officers and the fact that Deputy Swenson conferred with them on two occasions arguably would bring his conduct within the purview of this section. However, the trial court in its memorandum stated, "In this case, we do not have fresh pursuit by a peace officer across a jurisdictional boundary. Nor do we have a court order or other directive authorizing the Wadena County Deputy to serve in an official capacity for the city of Staples or Todd County." Although the trial court's memorandum was not specifically incorporated into its order, we feel constrained under the circumstances to grant to the trial court's language that weight we could grant to findings properly expressed as such. *Graphic Arts Educational Foundation, Inc. v. State*, 240 Minn. 143, 59 N.W.2d 841 (1953). We cannot try this matter anew. We will not disturb a trial court's findings on appeal even though we might not agree with them unless they are manifestly contrary to the weight of the evidence or un-

supported by the evidence viewed as a whole. *Northern States Power Co. v. Lyon Food Products*, 304 Minn. 196, 229 N.W.2d 521 (1975); Minn.R.Civ.P. 52.01. The trial court's observation that Deputy Swenson was not operating under any directive authority from the City of Staples or Todd County is not clearly erroneous.

We recognize that laws relating to revocation of driving privileges are remedial, not penal, in nature. These statutes authorize the administrative use of the police power for the protection of the public and are to be liberally construed to that end. *Juncewski*, 308 N.W.2d at 319. However, in consideration of the circumstances here present, we are unable to clothe Deputy Swenson with authority greater than that which would be afforded to a private citizen. Bounds' license was improperly revoked.

## DECISION

The order of the trial court sustaining revocation of appellant's driver's license is reversed.