**STATE of Minnesota, City of Rosemount, Appellant,**

v.

**Adelle Noreen HALVORSON, Respondent.**

**No. C1–84–906.**

Court of Appeals of Minnesota.

Oct. 16, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Grundhoefer, So. St. Paul, for appellant.

Richard L. Matykiewicz, St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant City of Rosemount appeals from an order dismissing a charge of being in physical control of a vehicle while under the influence of alcohol in violation of Minn.Stat. § 169.121, subd. 1 (Supp.1983). The trial court concluded the arrest by a police officer beyond his jurisdiction was contrary to Minn.Stat. § 629.37 (1982) authorizing citizen's arrests. We reverse.

## FACTS

Very early one morning, Apple Valley Police Officer R.J. Slonina observed car tracks leading across a field to a church parking lot in the adjoining city of Rosemount. It was raining and sleeting, the roads were icy, and the temperature was about 30 degrees. Slonina observed a car in the church parking lot at the end of the tracks. He advised his dispatcher he would check on the occupant of the car. Slonina drove a marked squad and was in uniform.

Officer Slonina identified respondent by her driver's license. In speaking with her, Slonina detected the odor of alcohol and other signs of intoxication. Slonina spoke with the on-duty Rosemount police officer, but that officer was unavailable and asked Slonina to handle the situation. Slonina cited respondent for being in physical control of a motor vehicle while under the influence of alcohol.

## ISSUE

Whether respondent's arrest was a valid citizen's arrest by a police officer outside his own jurisdiction?

## ANALYSIS

■ A police officer outside his own jurisdiction retains the same power to make arrests as that of a private citizen. *State v. Filipi*, 297 N.W.2d 275 (Minn.1980). Minn.Stat. § 629.37 (1982) provides:

A private person may arrest another:

(1) For a public offense committed or attempted in his presence;

(2) When such person has committed a felony, although not in his presence; or

(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

Appellant argues Slonina was authorized by the statute to arrest respondent Halvorson.

■ Where circumstances lead a police officer to suspect something may be wrong

with a driver, the officer, acting as a private citizen, is authorized to stop the driver's vehicle. *State v. Schinzing*, 342 N.W.2d 105 (Minn.1983). After a stop, the officer may ask for a driver's license for identification. *Id.* at 109. Here, Slonina did not stop respondent's vehicle, but simply approached it to investigate the welfare of the occupant.

This case involves a situation similar to that confronting the police officer in *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316 (Minn.1981).

The trial court found that Slonina obtained the evidence of drinking by color of his authority as a police officer when he invaded respondent's vehicle and that no public offense was committed in Slonina's presence before he did so. In support of the court's decision, respondent relies upon *Collins v. State*, 143 So.2d 700 (Fla.App. 1962). However, *Collins* involved an intrusion into living quarters, and not a simple request for a driver's license.

Under the case law adopted in Minnesota, nothing Slonina did was beyond the lawful authority of a citizen making a citizen's arrest. He properly asked for a driver's license. *See, Schinzing*, 342 N.W.2d at 109. In the course of investigating respondent's welfare, he detected evidence of respondent's drinking. *See, Juncewski*, 308 N.W.2d at 318. He properly conducted a field observation. *See, Windschitl v. Commissioner of Public Safety*, 355 N.W.2d 146 (Minn.1984), *Bounds v. Commissioner of Public Safety*, 353 N.W.2d 659 (Minn.Ct.App.1984). He made a lawful citizen's arrest.

## DECISION

The order of the trial court dismissing criminal charges against respondent is reversed.

Reversed.