**Edwin L. BOUNDS, petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C4–84–799.**

Court of Appeals of Minnesota.

Jan. 22, 1985.

Lance R. Heisler, Staples, for appellant.

Hubert H. Humphrey, III, Atty. Gen. of Minn., Linda F. Close, Joel A. Watne, Spec. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## SUMMARY OPINION

HUSPENI, Judge.

## FACTS

The facts relevant to this appeal are contained in *Bounds v. Commissioner of Public Safety,* 353 N.W.2d 659 (Minn.Ct.App. 1984) (*Bounds I*). In *Bounds I*, this court held that, in the absence of a fresh pursuit, a peace officer outside his jurisdiction has the authority of a private citizen, but may not administer post-D.W.I. arrest procedures. The Commissioner of Public Safety petitioned the Minnesota Supreme Court for review of this decision, and the supreme court remanded the matter to us for reconsideration in light of its subsequent opinion in *Windschitl v. Commissioner of Public Safety,* 355 N.W.2d 146 (Minn.1984).

## DECISION

1. In *Windschitl*, the Minnesota Supreme Court considered a claim that a preliminary screening test for D.W.I. was improperly administered because the police officer was outside his jurisdiction.[1] The court held alternatively that:

(1) the officer was within his jurisdiction and could therefore lawfully administer the preliminary screening test; and

(2) if he was outside his jurisdiction, the arrest was a valid citizen's arrest even without the preliminary breath test. *Id.* at 148–149.

"We conclude that, whether it be considered an arrest by a peace officer or by a private citizen, it was a valid arrest." *Id.* at 147.

2. The court did not directly confront the issue presented in *Bounds I:* whether the peace officer making a citizen's arrest outside his jurisdiction in the absence of hot pursuit may administer post-D.W.I. arrest procedures. However, the *Windschitl* opinion indicates that a peace officer making a citizen's arrest retains his status as peace officer and may engage in some activities otherwise barred to a citizen, such as using flashing lights and a siren. *Id.* at 149. It follows that once a valid arrest is made, a peace officer may then implement post-D.W.I. procedures under this special status. *Bounds I* is thus vacated in light of the supreme court opinion in *Windschitl*. The trial court's order sustaining the revocation of Bounds' driving privileges is affirmed.

Trial court's order affirmed.

---

**1.** We recognize that this issue was also addressed in *State, Department of Public Safety v.* *Juncewski,* 308 N.W.2d 316, 321 (Minn.1981).