STATE of Minnesota, Respondent,

v.

Russell Lee SCHMITZ, Appellant.

No. CX–85–137.

Court of Appeals of Minnesota.

June 25, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, William H. Dolan, Meeker Co. Atty.,

W. Edward Myers, Asst. Co. Atty., Litchfield, for respondent.

Robert D. Schaps, Litchfield, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Russell Lee Schmitz was convicted of gross misdemeanor DWI, Minn. Stat. § 169.121, subds. 1(a), 3(a) (1982) after a court trial. Appellant claims he was unlawfully stopped. We affirm.

## FACTS

On September 17, 1983 about 7:15 p.m., Litchfield City police officer Greg Dannenbring was approached by two people in their mid-30's who stated they had just seen a brown van and a white car racing on County Road No. 1. They appeared concerned and upset. Dannenbring went to the area and radioed for Meeker County Sheriff assistance. In the vicinity where the citizens reported the racing, Dannenbring saw a brown van not committing any traffic violation. Dannenbring stopped the van. The driver, Russell Schmitz, had a strong odor of alcohol on his breath. Meeker County deputies then arrived and also observed numerous indicia of intoxication. Appellant failed a preliminary breath test, was arrested and registered .17 on a breathalyzer test. The trial court upheld the stop and found appellant guilty of gross misdemeanor DWI. Appellant had a prior DWI conviction in 1983.

## ISSUE

Was appellant lawfully stopped?

## ANALYSIS

■ 1. "The test for determining the legality of a stop of a motor vehicle is whether the police had a particularized and objective basis for suspecting the driver or passenger(s) of criminal activity." *State v. L'Italien,* 355 N.W.2d 709, 710 (Minn.1984).

In *Marben v. State, Department of Public Safety,* 294 N.W.2d 697 (Minn.1980), a state trooper received a CB radio communication from an unidentified trucker. The trucker told the officer a car had been following him closely. The trucker then said he could see the patrol and that the suspect was exiting onto a different highway. The trooper responded and stopped the car without observing any improper or unlawful driving conduct. The Minnesota Supreme Court upheld the stop, indicating the reasonable suspicion for a stop may be supplied by information acquired from another person. The court said:

> In this case we believe that, as a result of the trucker's communication with Larson, the trooper had a specific and articulable suspicion of a violation so as to warrant a stop of Marben's vehicle. The informant was apparently a private citizen and thus is presumed to be reliable. Moreover, due to the trucker's reference to the location of Larson's squad car and the vehicle in question, the trooper was able to verify that the trucker was in the area, and in close proximity to the subject car. This enhanced the reliability of the trucker's information. Consequently, based on the informant's claim of tailgating, the trooper had a specific and articulable suspicion that a traffic violation had occurred and thus the stop of Marben's vehicle was proper.

*Id.* at 699 (citations omitted).

We find no basis for distinguishing *Marben.* Here the officer received information about possible traffic violations in person from an unidentified couple. Their report was verified when the officer found a vehicle at the scene matching the description of the vehicle supplied by the informants. The trial court did not err in determining the stop was valid.

■ 2. Appellant also claims Dannenbring lacked the power to stop him because he was stopped on the western side of County Road 1 and the city boundary extends only to the center line of the high-

way, i.e., the eastern half of the highway. This contention is without merit. Assuming the stop occurred outside Dannenbring's jurisdiction, the stop was permissible. *See State v. Schinzing,* 342 N.W.2d 105, 108–09 (Minn.1983); *State v. Halvorson,* 356 N.W.2d 376, 377–78 (Minn.Ct.App. 1984). The Litchfield City's police officer is not limited to one side of the highway of the city's boundary.

## DECISION

Appellant was lawfully stopped. His conviction for gross misdemeanor DWI is affirmed.

Affirmed.