Robert Francis GEHRINGER,
Petitioner–Appellant,

v.

IOWA DEPARTMENT OF TRANSPOR-
TATION, MOTOR VEHICLE
DIVISION, Respondent–Appellee.

No. 88–226.

Court of Appeals of Iowa.

Nov. 29, 1988.

Gordon K. Darling, Jr., of Darling, Chickering & Darling, Winterset, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Caroline J. Olson, Asst. Atty. Gen., for respondent-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

In this appeal from a district court order affirming a driver's license revocation, we address challenges to a deputy sheriff's stop and administration of a blood test outside his county and a claim the implied consent law was not properly invoked. We affirm.

Petitioner-appellee Robert Francis Gehringer's driver's license was revoked by respondent-appellee Iowa Department of Transportation. Gehringer had been stopped in Madison County by Warren County Deputy Sheriff Bob Gephart. Gephart was in Madison County to aid in a fugitive search. Deputy Gephart stopped Gehringer's car, made observation of Gehringer and administered a preliminary breath test. He called for assistance. St. Charles Police Chief Tex Allen arrived. He observed the result of the preliminary breath test, observed Gehringer, was informed by Gephart of Gehringer's driving and arrested Gehringer for operating a vehicle in violation of Iowa Code section 321.-281 (1987). Allen was not certified to invoke implied consent. Winterset Policeman Roberts was called. He made a request for a chemical test. The test was given. The test showed a blood alcohol concentration of over .10. The department sought to revoke Gehringer's license for one year. He challenged the revocation. A hearing was held. The department hearing and reviewing officers determined the decision to revoke Gehringer's license for one year should be sustained. The district court affirmed the agency action and ordered the temporary stay removed.

Gehringer appeals contending the district court erred in finding (1) there was substantial evidence to support the finding

Deputy Gephart had reasonable cause to stop Gehringer's car, (2) Warren County Deputy Gephart had authority to administer a preliminary breath test in Madison County, Iowa, and (3) the statutory requirements of Iowa Code section 321J.6 (1987) necessary to warrant revocation of Gehringer's license were present. We affirm.

On review we decide only whether the district court correctly applied the law. *Henry v. Iowa Dep't of Transp. M.V.D.*, 426 N.W.2d 383, 385 (Iowa 1988). We apply the standards of Iowa code section 17A.19(8) (1987) to determine whether our conclusions are the same as the district court's. *Id.*

## I.

■ Gehringer contends there was not substantial evidence to support the finding Gephart had reasonable cause to stop his vehicle. There was testimony Gephart saw Gehringer was "weaving back and forth and subsequently moving his vehicle completely to left or virtually completely to left of center, so that he was actually, in fact, using both lanes of what is Main Street in St. Charles." The hearing officer found Gehringer had crossed the center line and Gephart made the observation and had a basis to stop Gehringer for a public offense committed in Gephart's presence. There was substantial evidence Gephart had a specific and articulable cause to support a belief Gehringer was operating his vehicle while under the influence of alcohol. *See State v. Aschenbrenner*, 289 N.W.2d 618, 619–21 (Iowa 1980).

## II.

Gehringer next contends Gephart did not have the authority to request and administer a preliminary breath test in Madison County. When a peace officer has reasonable grounds to believe a person is operating a motor vehicle while intoxicated in violation of Iowa Code section 321J.2(1) the peace officer may request a preliminary breath screening test for the purpose of deciding whether to request a chemical test. Iowa Code § 321J.5 (1987).

"Peace officer" is defined for purposes of chapter 321J, unless the context otherwise requires, as

    a.  A member of the highway patrol.

    b.  A police officer under civil service as provided in chapter 400.

    c.  A sheriff.

    d.  A regular deputy sheriff who has had formal police training.

    e.  Any other law enforcement officer who has satisfactorily completed an approved course relating to motor vehicle operators under the influence of alcoholic beverages at the Iowa law enforcement academy or a law enforcement training program approved by the department of public safety.

Iowa Code section 321J.1(7) (1987).

■ As a person who has had formal police training Deputy Sheriff Gephart falls within this definition of "peace officer." Gephart in initiating the implied consent procedure was merely acting as a statutory agent of the department for purposes of administering the laws of this state pertaining to revocation in Iowa of an Iowa driver's license. *See State v. Wagner*, 359 N.W.2d 487, 490 (Iowa 1974). We determine an Iowa regular deputy sheriff who has had formal police training may implement implied consent procedures outside the geographical limits of the county for which he or she is deputized. *See Bounds v. Commissioner of Public Safety*, 361 N.W.2d 145, 146 (Minn.Ct.App.1985), where a Minnesota court held a peace officer making a citizens arrest outside his jurisdiction may implement post-driving while intoxicated arrest procedures under the implied consent law.

## III.

Gehringer also contends the revocation of his license was unlawful because the conditions which must be met for revocation under Iowa Code section 321J.6(1) (1987) were not present. This section states in applicable part:

**Implied consent to test**

    1.  A person who operates a motor vehicle in this state under circumstances which give reasonable grounds to believe

that the person has been operating a motor vehicle in violation of section 321J.2 is deemed to have given consent to the withdrawal of specimens of the person's blood, breath, or urine and to a chemical test or tests of the specimens for the purpose of determining the alcohol concentration or presence of drugs, subject to this section. The *withdrawal* of the body substances and the test or tests *shall be administered at the written request of a peace officer having reasonable grounds to believe that the person was operating a motor vehicle in violation of section 321J.2, and if any* of the following conditions *exist:*

a. A peace officer has lawfully placed the person under arrest for violation of section 321J.2.

\* \* \* \* \* \*

d. The preliminary breath screening test was administered and it indicated an alcohol concentration as defined in section 321J.1 of .10 or more. (emphasis supplied)

■ Gehringer contends his arrest was by Allen and Allen is not a "peace officer" within the definition of section 321J.1(7), consequently he contends Allen's arrest did not trigger the statute. We need not address this issue. The preliminary breath test was administered and it indicated an alcohol concentration of .10 or more. Therefore, one of the conditions of the statute was met. The revocation of Gehringer's license is affirmed.

AFFIRMED.